370 So.2d 1331 (1979)
Mrs. Alice Cobb MATHEWS and Andrew J. Mathews, Plaintiffs-Appellants,
v.
ALLSTATE AUTOMOBILE INSURANCE COMPANY and Jay W. Lapeze, Defendants-Appellees-Appellants.
No. 13852.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1979.
Writ Refused June 15, 1979.
*1332 Waddell & Kelly by Charles W. Kelly, IV, Shreveport, for plaintiffs-appellants.
Nelson & Achee, Ltd. by Roland J. Achee, Shreveport, for defendants-appellees-appellants.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
Plaintiffs, Alice and Andrew Mathews, appeal from a judgment, rendered in accordance with an 11-1 jury verdict, rejecting their demands for damages for personal injuries sustained when Mrs. Mathews was struck by a car driven by Jay W. Lapeze and insured by Allstate Insurance Company, defendants. Defendants also appealed to protect their third party demand against Republic Underwriters Insurance Company, insurer of Andrew Mathews. Finding Lapeze was not negligent, we affirm the judgment of the district court.
The evidence, consisting of the testimony of Mr. and Mrs. Mathews, defendant, two eyewitnesses, the investigating police officers, and an accident reconstruction expert, establishes the following facts. The accident occurred midway between the Creswell Street and Highland Avenue intersections on Kings Highway, a busy, four-lane, east/west thoroughfare in Shreveport, at about 6:00 p. m. on October 31, 1975. Mr. and Mrs. Mathews had been to the Safeway Supermarket on the north side of the street to buy Halloween candy. Not finding what they wanted, they decided to go to Eckerd Drugs on the south side of the street. When they reached the north curb of Kings Highway they stopped, and not observing any traffic, began to cross the street in the middle of the block, not at a pedestrian crossing. Noting an oncoming car in the inside eastbound lane, Mr. Mathews hurried across in front of it while Mrs. Mathews stopped at the double yellow center lines. The car stopped and Mrs. Mathews proceeded to cross in front of the stopped car.
Defendant, who had been stopped at the Creswell intersection light beyond a curve, was approaching the site of the accident in the outside eastbound lane. As he came out of the curve he observed a line of stopped cars in the inside eastbound lane and moved his left foot over the brake pedal. His speed was established by the expert based upon approximately 30 feet of skid marks to have been between 24 and 27 miles per hour, which coincided with defendant's testimony that he was traveling within the 35 miles per hour speed limit. Defendant, while passing the two or three stopped cars, saw Mrs. Mathews step into his lane from in front of a stopped car. He quickly applied his brakes, but could not stop in time to avoid hitting her.
The only contentions of negligence are that defendant failed to keep a proper lookout and failed to take precautionary or defensive measures in view of the stopped line of cars and in view of Mr. Mathews crossing, which plaintiffs allege defendant should have seen.
The stopped line of cars presented no warning of special hazards such as crossing pedestrians, because it was not unusual for cars to stop to make a left turn into the Safeway Supermarket. Defendant had his headlights on, was going approximately 10 miles per hour below the speed limit, and did move his left foot over the brake.
Mr. Mathews probably crossed before defendant was in a position to see him. Mr. Mathews said he saw an eastbound car which probably was defendant's car about 200 feet away when he crossed. Witnesses describe the husband as "running" across the eastbound lanes. Mrs. Mathews waited a significant length of time, 10 seconds according to one witness, before following her husband across, indicating defendant was possibly still in the curve when Mr. Mathews crossed. Plaintiffs' argument that defendant should have seen Mr. Mathews is not supported by the evidence.
It would have been difficult, if not impossible for defendant to see Mrs. Mathews in *1333 front of the stopped line of cars. She is 5'2" tall and was wearing a dark top. Indeed, defendant testified the first thing he saw was his headlights reflecting off Mrs. Mathews' white pants as she stepped out from in front of the lead car into his lane. All of the evidence, including Mrs. Mathews' own testimony, is that she suddenly walked out from in front of the stopped car into the outside eastbound lane. Defendant immediately applied his brakes, indicating he was alert, and almost stopped but could not avoid hitting her.
The evidence, even the testimony of plaintiffs, does not support a finding of negligence on the part of defendant.
The trial court's instructions adequately instructed the jury on the principles of Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). Baumgartner did not do away with the requirement of negligence on the part of a motorist in order to find liability. The defendant breached no duty of care owed to the plaintiff pedestrian, was not negligent and had no opportunity to avoid the accident after observing the pedestrian who suddenly appeared in his lane in the middle of the block. Therefore, he is not liable, as the jury correctly found.
The judgment appealed from is affirmed at appellants' costs.
Affirmed.