FORET, Judge.
Keith Marks, plaintiff, seeks to recover damages for personal injuries sustained by him as a result of an automobile-pedestrian collision. State Farm Mutual Automobile Insurance Company (State Farm) is the uninsured motorist insurer of the plaintiff’s mother, and is the only remaining defendant.[1]
This action was tried before a jury on September 27, 1979, which returned a verdict in favor of the defendant. The trial court rendered judgment pursuant to that verdict and plaintiff has appealed.
The two issues raised by plaintiff (appellant) on appeal are:
(1) Whether the trial court erred in refusing to strike defendant’s demand for a jury trial, and
(2) Whether the finding in favor of the defendant by the jury was contrary to the law and evidence.
JURY TRIAL
State Farm (appellee) filed an amended and supplemental answer and third party demand[2] on September 4, 1979, in which it requested a trial by jury. The appellant filed a motion to strike that request on the ground that it was untimely. The trial court granted appellee’s request and denied appellant’s motion. Appellant assigns error on the denial of its motion to strike.
Appellant alleges that appellee raised no new issues in its amended answer since all that was added was an additional allegation of contributory negligence on the part of appellant and the request for a jury trial. Appellant argues that, as contributory negligence is no defense to an action like the one before us, there was no new issue presented by the amended pleading; therefore appellee’s request should have been barred by the time limitations of LSA-C. C.P. Article 1732.[3]
We find plaintiff’s assignment of error to be without merit. The minutes of court reveal the following entry made on September 10, 1979:
“MINUTES OF COURT
September 10. 1979
This matter was previously set for this date, now taken up as A Motion for Sum *540 mary Judgment and Motion for Jury Trial. Present in open court was the plaintiff’s attorney, Patrick Morrow, and the defendant’s attorney Norman Foret. Pursuant to a pre-trial conference, it was stipulated that the Motion for Summary Judgment be denied and the Motion for jury Trial granted. Judgment in accordance with stipulation to be signed upon presentation.”
This entry clearly shows that attorneys for appellant and appellee stipulated that appellee’s motion for a jury trial be granted. The trial court correctly rendered judgment in accordance with that stipulation. Appellant does not urge, on appeal, that the minute entry is erroneous, or that he did not enter into such a stipulation. Accordingly, in our view, plaintiff-appellant waived his motion to strike the jury trial when he entered into the above stipulation.
THE JURY’S FINDING
The accident in which the appellant was injured occurred on January 5, 1978, in the City of Lafayette, Louisiana. It was approximately 8:30 P.M. and there was a light, misty rain falling. Keith Marks (appellant) was walking north on Jefferson Street. The automobile driven by Delores Singleton was proceeding west on Johnston Street. The appellant came to the intersection of those two streets and attempted to cross Johnston to continue down Jefferson to the Lafayette Aid House. Johnston is a four-lane street at this point.
The testimony of appellant and of the witnesses to the accident indicate that the accident happened in the following manner. Essie Johnson was traveling in the inside, west-bound lane on Johnston Street when she too came upon the above intersection. She testified that the traffic light was red as she approached it. She then stopped even though the traffic signal turned green shortly before she reached the intersection. She stopped because she saw appellant walking into the two east-bound lanes of Johnston and was afraid that appellant might enter her lane of travel. She testified that as soon as appellant started to cross the intersection the light turned green and appellant then began to run across Johnston Street. He ran in front of her automobile. She testified that, at the same moment, she also saw Delores Singleton’s vehicle approaching in the outside, westbound lane of Johnston Street. She knew that appellant was going to collide with that vehicle but could do nothing about it.
Appellant testified that as he walked into the intersection, he saw that the light was going to turn green, and he then began running across the intersection in an attempt to make it to the other side.
Gaylia Batiste testified that she was a passenger in the Singleton automobile. She testified that Mrs. Singleton had decreased her speed to about 25 miles per hour and was approximately three to four car lengths behind Essie Johnson’s automobile when the light turned green. Singleton then began increasing her speed to approximately 30 to 35 miles per hour. The speed limit on this particular stretch of Johnston is 45 miles per hour.
Essie Johnson had remained stationary in the inside, west-bound lane during this period of time. The evidence shows that when the automobile driven by Delores Singleton was about even with the Johnson vehicle, appellant suddenly appeared from the front of that vehicle. The evidence further shows that appellant actually ran into the left side of Delores Singleton’s vehicle and struck it just above the left front wheel.
The appellant submits that there is basically no dispute with regard to the facts surrounding this accident. The record confirms this. Appellant contends that it is the finding of the jury based on these facts which is erroneous.
The trial court, in its instructions to the jury, correctly explained the duty imposed upon a motorist with regard to pedestrians, as set out in Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978). It is apparent that the jury felt that Delores Singleton had *541 met that high standard of care in the operation of her vehicle and therefore found that appellee was not liable for the damages suffered by appellant.
This Court had occasion recently to review an action in which the facts were quite similar to those in the present suit. The pedestrian in Shank v. Government Employees Insurance Company, 390 So.2d 903 (La.App. 3 Cir. 1980), had attempted to cross a four-lane highway. She made it safely to the middle of the highway and then proceeded to cross in front of a vehicle which had stopped in the inside, northbound lane. She paused in the middle of the two north-bound lanes and then attempted to run across the outside, northbound lane. She was struck by an automobile in that lane. The evidence showed that the motorist had been traveling at or under the speed limit. The evidence also revealed that the motorist’s vision had been obstructed by the vehicle which had stopped in the inside lane. We affirmed the trial court’s finding of no negligence on the part of that driver.
We reiterate that Baumgartner v. State Farm Mutual Automobile Insurance Company, supra, requires a finding of negligence on the part of a motorist before that motorist will be held liable to a pedestrian whom he injures. Shank v. Government Employees Insurance Company, supra; Mathews v. Allstate Automobile Insurance Company, 370 So.2d 1331 (La.App. 2 Cir. 1979), writ denied, 373 So.2d 526 (La.1979).
A careful review of the evidence in this case convinces us that the jury verdict exculpating Delores Singleton and State Farm from liability to plaintiff is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellant further argues that the trial court erred by failing to instruct the jury to the effect that contributory negligence is no longer a defense in an action like the present one. There is no need to discuss this assignment of error in view of our above finding.
For the above and foregoing reasons, the judgment of the trial court is affirmed in all respects.
Costs of this appeal are assessed against appellant.

AFFIRMED.

. The plaintiff has previously settled his claim against the driver of the automobile, Delores Singleton, and her automobile liability insurer, Fireman’s Fund Insurance Company. The trial court dismissed the suit against these two parties after a motion to dismiss was filed by the plaintiff.

. State Farm filed a third party demand against Delores Singleton and Fireman’s Fund Insurance Company of Newark, N.J. The third party defendants filed a motion for summary judgment which was heard by agreement of counsel on memoranda. The trial court ruled in favor of third party defendants and dismissed State Farm’s demand against them.

.“Art. 1732. Demand for jury trial
A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.
Source: Fed.Rule 38(b); cf. C.P. Arts. 494, 495.”