390 So.2d 903 (1980)
Jack Allen SHANK et al., Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Defendants-Appellees.
No. 7856.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
Rehearings Denied December 1, 1980.
Writs Refused January 26, 1981.
Stafford, Stewart & Potter, Grove Stafford, Jr., Larry A. Stewart, Alexandria, for defendant-appellant-appellee.
Smith, Ford & Clark, Simon Chris Smith, III, Leesville, for intervenor-appellee-appellant.
Hall, Lestage & Lestage, H. O. Lestage, III, DeRidder, for defendant-appellee-appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for intervenor-appellee.
Edwin A. Cabre, Leesville, for plaintiff-appellee-appellant.
Before FORET, STOKER and LaBORDE, JJ.
FORET, Judge.
This is a wrongful death action arising out of an automobile-pedestrian accident, in which Claudette Watts Shank sustained injuries resulting in her death.
Plaintiff is Jack Allen Shank, husband of the decedent, filing suit herein on his own behalf, and on behalf of the minor children, Tammy Leigh Shank, Elizabeth Ann Shank, and Claude Wesley Shank.[1] Named defendants *904 are Reginald A. Strain and his automobile liability insurer, State Farm Mutual Automobile Insurance Company (hereinafter State Farm); Henry Fischer and his automobile liability insurer, Government Employees Insurance Company (hereinafter GEICO); State Farm and GEICO, again, allegedly as the underinsured insurers of Jack Shank[2]; intervening in the suit is Zurich Insurance Company, the workmen's compensation insurer of Robert King d/b/a Marco's Pit Grill, the employer of decedent, Claudette Shank.
After trial on the merits, the trial court found that there was no negligence on the part of Reginald Strain, and therefore he and his insurer, State Farm, were not liable to the plaintiffs. However, the trial court held that Henry Fischer was negligent, such negligence being the proximate cause of the accident, and accordingly judgment was rendered in favor of plaintiffs and against Henry Fischer and his liability insurer, GEICO. The trial court also rendered judgment in favor of Zurich Insurance Company, entitling it to be paid by preference and priority over plaintiff the amount of $8,000.00 (a stipulated amount).
Defendant, Henry Fischer, and his liability insurer, GEICO, prosecute this appeal and assign as error the trial court's finding of negligence on the part of this defendant.[3] The determinative issue presented by this appeal is the negligence vel non of Henry Fischer.

FACTS OF ACCIDENT
Henry Fischer and his wife had been traveling north on South Fifth Street shortly before the accident. This is a four-lane highway, and Fischer was traveling on the inside north-bound lane. He approached the location where the accident took place and stopped to make a left turn across the two south-bound lanes of the highway. At that time, he noticed the decedent, Mrs. Shank. He watched her cross the two south-bound lanes and stop approximately three to four feet in front of his truck on the double yellow line in the center of the highway. Henry Fischer then motioned to the decedent to get out of the way or move on.
Both he and his wife testified that the decedent did nothing and in no way acknowledged the signal. The decedent proceeded to walk in front of the Fischer vehicle approximately a minute after he had signaled to her. Fischer began his left turn as soon as she had cleared the front of his truck.
Both Mr. and Mrs. Fischer testified that they saw Mrs. Shank pause for a brief moment at or near the line dividing the two north-bound lanes. Fischer further testified that as he was making his turn, he saw Mrs. Shank begin to run across the outside north-bound lane. He did not see her get hit by the other vehicle.
The alleged negligent conduct of which the plaintiff complains is the signal given by Fischer to the decedent. The trial judge found that Fischer may have done more than signal to the decedent. However, there is no evidence in the record on which to base such a finding. We conclude that such a finding is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find that Fischer did nothing more than signal the decedent to move on.
Plaintiff argues that the decedent was entitled to rely on Fischer's signal and did in fact do so. Plaintiff has presented no evidence in support of this argument. On *905 the contrary, the evidence shows that the decedent passed safely in front of Fischer's vehicle. She then paused in between the two north-bound lanes of traffic. She then attempted to cross this lane where she was struck by the vehicle driven by Reginald Strain. Fischer did not owe decedent any duty to assure her safe passage across the remainder of the highway once she had crossed in front of his truck.
Plaintiff has cited no authority for his argument that, based on his conduct, Mr. Fischer owed a duty to the decedent to assure her safe crossing of the highway. We join with our brothers of the Fourth Circuit Court of Appeal and reject the proposition that an adult may step blindly onto a highway solely in reliance upon the signal of a third party. Wille v. New Orleans Public Service, Inc., 320 So.2d 288 (La.App. 4 Cir. 1975). We hold that Fischer was not negligent in motioning to the decedent to move from the front of his vehicle.
We turn now to the issue raised by the plaintiff in this appeal. Plaintiff argues that the trial judge was wrong in concluding that the defendant, Reginald Strain, was not negligent. The trial judge found that Reginald Strain did not see Claudette Shank in time to avoid the accident. He also found that Reginald Strain could not have reasonably been expected to see Mrs. Shank in time to avoid striking her. We agree with his findings.
The evidence shows that the decedent appeared suddenly between the two north-bound lanes of traffic and paused briefly. She then attempted to run to the east shoulder of the highway. In Mathews v. Allstate Automobile Insurance Company, 370 So.2d 1331 (La.App. 2 Cir. 1979), writ denied, 373 So.2d 526 (La.1979), the court was concerned with a factual situation much like the one presented here. We agree with that court's proposition that Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978), did not do away with the requirement that a driver must be found negligent before he can be held liable to a pedestrian whom he injures.
The evidence shows that Reginald Strain was traveling at or a bit under the speed limit immediately before the accident. The evidence also shows that when Mrs. Shank appeared on the line dividing the two north-bound lanes, Strain was approximately eight feet away from the point of impact. Mrs. Shank attempted to run across the outside north-bound lane at this time. Unfortunately, she was struck by the vehicle driven by Strain. This evidence supports the trial court's finding of no negligence on the part of Strain. We therefore affirm the trial court's finding and hold that Reginald Strain is not liable to plaintiff.
Accordingly, plaintiff's suit is dismissed against all defendants.
All costs of this appeal are assessed against plaintiff.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] It was stipulated at trial that Elizabeth Ann Shank and Claude Wesley Shank were the only issue of the marriage between Jack Shank and decedent, and that Tammy Leigh Shank was born to decedent prior to her marriage to plaintiff, Jack Shank. The issue of the procedural capacity of Jack Shank to sue on behalf of Tammy was not raised at trial by any of the defendants, and although it is raised on appeal, we do not confront that issue because of the result which we reach herein.
[2] GEICO alleged at trial and on appeal that the policy of automobile liability insurance and uninsured motorist coverage to Shank was expired on the date of the accident; again, we do not confront this issue because of the result which we reach herein.
[3] The trial court also rendered judgment against State Farm Mutual Automobile Insurance Company, uninsured motorist insurer of plaintiff, Jack Allen Shank. State Farm has taken a devolutive appeal from the said judgment. For the reasons hereinafter expressed, we reverse said judgment.