## MADDOX *et al.* *v.* WASHBURN-CROSBY MILLING CO.

1. If a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract price and the market price at the time and place for delivery; or, he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale; or, he may store or retain the property for the vendee and sue him for the entire price.

(*a*) The action in this case was brought to recover the difference between

the contract price and the market price at the time and place for delivery.

2. The custom of any business or trade is binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract. Political Code, § 1, par. 4.

3. In the present case the allegations were not sufficient to show a right to recover a certain amount as storage, on the ground of a custom for the purchasers to pay storage in addition to purchase-price, so universal as to enter into and become a part of the contract of purchase. But they were sufficient to set forth necessary expenses incurred by one party to a contract in carrying it out, the allegations as to custom being used to show the customary mode of performance of a contract of this peculiar character and the propriety of the expenditures incurred.

4. The rulings contained in the preceding headnotes cover substantially the points raised by the demurrer. In other respects not herein mentioned the grounds of the demurrer overruled by the presiding judge were without merit, and require no discussion in detail.

DECEMBER 16, 1910.

Breach of contract.   Before Judge Bell.   Fulton superior court. October 28, 1909.

*Maddox & Poole,* for plaintiffs in error.

*Dorsey, Brewster, Howell & Heyman,* contra.

LUMPKIN, J.   The suit was for a breach of contract on the part of the purchaser of flour to receive it.   Having the right to elect any one of the three remedies stated in the first headnote, the seller elected to proceed for the difference between the contract price and the market price at the time and place for delivery. Civil Code, § 3551.   In addition it sought to recover certain storage charges. If the basis of the recovery sought was an amount chargeable against the purchaser under a custom of the trade so universal as to enter into the contract and amount to a promise by a purchaser of flour to pay storage in addition to purchase-price, the allegations were insufficient.   They did not show that it was the universal custom of the trade that the purchaser should pay storage charges until he should give shipping orders.   It was alleged that "Said defendant became liable for said carrying charge."   But this was not such an allegation of a custom for him to pay the charge as to impliedly enter into the contract, and render him liable by virtue thereof. But the allegations were sufficient to set up a usual and necessary charge incurred by one of the parties in carrying out the contract, and known to be proper by both. Civil Code, § 3806.   In other respects the demurrer was without merit.

*Judgment affirmed.   All the Justices concur.*