35900, 35924. THE SHIRLEY CLOAK & DRESS
COMPANY, INC. *v.* ARNOLD; and *vice versa*.

886

DECIDED NOVEMBER 4, 1955.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.
*Marshall, Greene & Neely, Burt De Rieux,* contra.

CARLISLE, J.   In the main bill of exceptions error is assigned on the judgment of the trial court in overruling the renewed general demurrer to the petition as amended.   In the cross-bill of exceptions error is assigned on the judgment of the trial court in sustaining certain special demurrers to the original petition and in sustaining certain special demurrers to the petition as amended. Since, under the view which we take of the error assigned in the main bill of exceptions, the effect of our decision on the main bill will be to leave the case to be tried in the court below and necessitates our determination of the errors assigned in the cross-bill of exceptions (Code § 6-901), a determination first of the questions raised by the rulings on the special demurrers will be more in keeping with the chronology of the case and will obviate any necessity of referring to the special demurrers in ruling upon the general demurrer, we have reversed the usual order of determining questions presented by main and cross-bills of exceptions.

■   The error assigned in the cross-bill of exceptions on the judgment of the trial court in sustaining certain special demurrers to the original petition presents no question for determination by this court.   The judgment sustaining those special demurrers allowed the plaintiff a period of 15 days within which to amend, and, by the terms of Code (Ann. Supp.) § 81-1001, such a judgment is not subject to review.   *Thornton* v. *Courvoisier,* 90 *Ga. App.* 26 (81 S. E. 2d 842), and citations.

■   In paragraph 11 of the petition as amended the plaintiff alleged that at a point approximately three miles north of the City of Milner the plaintiff received a signal from the defendant's driver that the way ahead was clear for the plaintiff to pass; that the signal was conveyed to him by means of a flashing on and off of the left-hand blinker system on the defendant's truck which is a customary signal given by the drivers of such vehicles as the defendant's to inform following traffic that the way ahead of the preceding vehicle is clear for the following vehicle to pass; and that it is customary for the drivers of following vehicles to rely upon such signals.   The defendant demurred specially to that paragraph upon the grounds that the allegation of the custom is a conclusion of the pleader without any properly pleaded facts

to support it, as the signal alleged to have been given is indicative of a left turn under the provisions of Code (Ann. Supp.) § 68-1648; and that it is not alleged that the purported customs were of such general knowledge as to be known by the general public; and upon the further ground that the purported customs are not valid customs or customs upon which the plaintiff was entitled to rely. "Where it becomes necessary to plead a custom or usage, all the essentials requisite to its validity and binding effect must be averred. Hence, the pleading should either aver knowledge on the part of the person to be charged or allege facts authorizing the conclusion that it was of such general notoriety that he will be presumed to have knowledge. So, an allegation of a custom must show that it is general and uniform, and that it has been recognized for a long period of time." 25 C. J. S. 125, § 32 (b). Under an application of this rule of pleading, which is generally recognized in this State, the trial court did not err in striking paragraph 11 of the plaintiff's petition. It is nowhere alleged that the defendant's driver had knowledge of the alleged custom, that it was a custom of general notoriety, or that it has been constantly and uniformly recognized. The trial court did not, therefore, err in sustaining the special demurrer to this paragraph of the petition. See in this connection, *Culbreath* v. *Kutz Co.*, 37 *Ga. App.* 425 (140 S. E. 419); *Maddox* v. *Washburn-Crosby Milling Co.*, 135 *Ga.* 539 (69 S. E. 821); The City of Atlanta, 17 Fed. 2d 311 (11). The judgment to which exception is taken in the cross-bill of exceptions must, accordingly, be affirmed.

■ The defendant's sole contention in its main bill of exceptions is that, properly construed, the plaintiff's petition reveals that the plaintiff's own negligence, in failing to exercise ordinary care for his own safety, was the sole proximate cause of the collision in which he was injured, and that, since this clearly appears from the allegations of the petition, the trial court erred in overruling the general demurrer to the petition. With this position we do not agree. Diligence and negligence, including contributory negligence and proximate cause, are ordinarily peculiarly for the jury and the courts will not solve such questions on demurrer except where such questions appear palpably clear, plain, and indisputable. *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759

(3) (154 S. E. 718). While it is true that "it is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will [on demurrer] prevail in determining the rights of the parties" (*Krueger* v. *McDougald*, 148 *Ga.* 429, 96 S. E. 867), it is also an elementary rule of construction, as applied to a pleading, that a general demurrer goes to the whole pleading which it attacks, and should be overruled if any part of such pleading is good in substance. *Western & Atlantic R.* v. *Hughes*, 84 *Ga. App.* 511 (66 S. E. 2d 382).

Under an application of the foregoing principles of law to the plaintiff's petition, the trial court did not err in overruling the general demurrer thereto. According to the allegations of the petition, the plaintiff, in his automobile, had been following the defendant's van-type truck for approximately 20 minutes at a speed of approximately 45 miles per hour over a hilly, undulating highway; and, although the plaintiff had on several occasions during that time driven his automobile to the left of the center of the highway in an effort to see if the road ahead was clear for him to pass the defendant's truck, he could not see clearly around the truck because of its width and he did not attempt to pass on those occasions. At a point approximately three miles north of the City of Milner, however, the plaintiff again drove his automobile to the left of the center of the highway and the defendant's driver signaled the plaintiff, with a waiving motion of his hand and arm, that the way ahead of the defendant's truck was clear for the plaintiff to pass. This signal was the signal customarily given by drivers of leading motor vehicles to drivers of following vehicles to indicate that the way ahead of the leading vehicle is clear for the following vehicle to pass and such signal is customarily relied upon by drivers of the following vehicles as indicating that the way ahead of the leading vehicle is clear. Relying upon this signal, the plaintiff began to pass the defendant's vehicle and just as he got even with the cab of the truck, he saw for the first time that only ten feet in front of the defendant's truck was another truck of the Central Motor Lines and at the same time he observed the lights of a vehicle coming in the oppo-

site direction and before he could fall back behind the defendant's truck, as there was not room in front the defendant's truck on account of the proximity of the Central Motor Lines vehicle, a head-on collision ensued between the plaintiff's vehicle and the other one coming in the opposite direction.

While the defendant's driver was under no obligation to give the plaintiff any signal at all, when he undertook to do so a duty devolved upon him to exercise ordinary care to see that the way was clear ahead for the plaintiff's car to pass safely, and whether he did so under the circumstances is a question for the jury's determination. *L. & N. R. Co.* v. *Ellis*, 54 *Ga. App.* 783 (189 S. E. 559); and see 60 C. J. S. 746, § 322.

In view of what has been said above the trial court did not err in overruling the general demurrer to the petition, and the judgment on the main-bill of exceptions is affirmed.

*Judgments affirmed on both the main bill and the cross-bill. Gardner, P. J., and Townsend, J., concur.*

## CORRECTIONS.

Page 75, line 15 from top: change "plaintiff" to read "defendant."

Page 112, line 8 from top: change "defendant" to read "plaintiff."

Page 167, line 24 from top: change "Code § 65-601" to read "Code § 62-601."

Page 513, line 10 from top: omit sentence "There . . . charge."

Page 513, line 11 from top: change words "did not err" to "erred."

Page 528, line 14 from top: change "Superior" to read "Civil."

Page 759, line 28 from top: change "Humphries" to read "Humphrey."