36858. LAX *v.* HOSPITAL AUTHORITY EMPLOYEES CREDIT UNION.

CARLISLE, J. 1. The bill of exceptions assigns error on the final order and judgment for the plaintiff dated July 18, 1957,

and on antecedent orders of May 24, 1957, sustaining the plaintiff's general demurrer to the answer with leave to amend, and of June 5, 1957, sustaining the plaintiff's renewed general demurrers and motion to strike. Under the ruling in *Shirley Cloak & Dress Co.* v. *Arnold,* 92 *Ga. App.* 885, 889 (90 S. E. 2d 622), and in *Rossiter* v. *Pitt,* 93 *Ga. App* 44 (90 S. E. 2d 597), the antecedent ruling of May 24 is not subject to exception or review, and it follows that we have only for consideration before this court the question as to whether the answer, as finally amended, set forth an issuable defense.

2. There being no demurrers to the petition and the petition thus not being open to construction will be viewed by this court as an action upon an unconditional written obligation to pay. Assuming, for the purposes of the decision, that the answer, which is equivocal, vague and self-contradictory, sets forth a valid oral agreement between the parties to depart from the terms of the original contract, and that the answer shows that the defendant paid and the plaintiff accepted instalments on the loan pursuant to such oral agreement, the answer further affirmatively shows a breach of the terms of such oral agreement by the defendant extending over a period of more than two months during which time the defendant failed to make payments in accordance with the oral agreement. Under the terms of the original agreement, which terms were, under the allegations of the answer, still in force and effect except as to the alleged oral modifications relating to the dates and amounts of monthly payments, the plaintiff could at its election declare the entire amount of the debt due and payable. Under these circumstances, a mere informal extension of time or mere indulgences would not affect the right of the plaintiff to enforce the written contract in accordance with its original terms where no consideration was alleged by the defendant to have been paid for such extensions of time or indulgences. *Monk* v. *General Motors Acceptance Corp.,* 56 *Ga. App.* 663, 665 (193 S. E. 466), and cit. Contrary to the conclusions drawn in the answer, the facts alleged therein show that the action of the plaintiff in taking possession of the automobile and selling it at private sale, rather than constituting a breach of the contract between the parties, was an action taken pursuant to the terms thereof and pursuant to an express power granted to the plaintiff by the terms of the contract, and such action was not a ground for

rescission of the contract. For these reasons the answer set forth no issuable defense to the petition, and the trial court did not err in sustaining the general demurrers thereto and in striking it.

3. In a supplemental brief filed by the plaintiff in error in this case, it is argued that the plaintiff's petition fails to allege a necessary ingredient of the plaintiff's right to recover on the unconditional contract in writing, and it was further argued that such necessary ingredient was not proved. It does not appear from the record before this court that any demurrers were filed to the plaintiff's petition and no brief of the evidence has been sent up with this record. For these reasons, these questions, raised for the first time in the brief of the plaintiff in error before this court, cannot be considered.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 18, 1957.

*B. M. Wimberly,* for plaintiff in error.
*Bird & Howell, Trammell Vickery,* contra.

Hospital Authority Employees Credit Union brought suit against Baxter A. Lax in the Civil Court of DeKalb County for the balance due on an alleged contract of sale of a certain 1954 Plymouth automobile. The petition stated that the original amount of indebtedness was $1,882.94; that the defendant had made payments and received credits on said indebtedness in the amount of $1,172.12, leaving a balance due of $868.77 principal and $33.49 interest. The petition set forth as exhibits two contracts under seal entered into between the plaintiff and the defendant, one dated June 14, 1955, and the subsequent one dated August 9, 1955, which latter contract confirmed the prior one, and in which the defendant, as buyer, reconfirmed his obligation to pay the principal sum in bi-weekly instalments of principal and interest in the amount of $30.37 each, the first instalment being due on July 11, 1955, and subsequent instalments every other Monday thereafter. The latter contract also provided that, "The bill of sale to secure debt dated March 31, 1954, by which buyer conveyed said automobile to seller to secure said original indebtedness, shall remain as security therefor and for said purchase price and buyer hereby confirms seller's

rights as set forth therein and said rights shall remain in full force and effect." The plaintiff did not attach a copy of the bill of sale to secure debt to the original petition, but by amendment a copy of this instrument was added as an exhibit to the petition. This instrument granted to the lender the right to declare immediately due and payable any and all debts secured by it without any notice to the borrower if the borrower failed to perform or breached any of the agreements made in the instruments; and it further provided that "time is of the essence in this instrument"; and that the failure of the lender to insist on full compliance with any of the terms or conditions in the instrument would not be deemed a waiver of a lender's right thereafter to insist upon such compliance; and it granted to the lender the right to take possession of the automobile and sell it at public or private sale, without notice to the borrower upon the failure of the borrower to pay at maturity or when declared due, the debts or any portion thereof, and it provided that the proceeds of such sale would be applied first to the expenses of the sale and then to the principal and interest due on the debt and that any excess would be paid to the borrower, and that the borrower agrees to pay any deficiency.

The defendant filed an answer which was amended five times in response to numerous general and special demurrers of the plaintiff. In his answer as finally amended the defendant at first denied that he had entered into any agreement with the plaintiff as alleged in the petition, and in the same paragraph of the answer the defendant stated that he *would* ask a court of equity to reform the agreement so as to make it show the true agreement between the parties. Then in paragraph 6 of the answer he admitted that the indebtedness had its inception in the manner alleged but denied that he was then indebted for reasons set forth in succeeding paragraphs of the answer, and he denied that he had received credits on the contract as alleged in the petition or that the balance alleged to be due was in fact due on said contract. The other allegations of the petition were admitted. For further plea and answer the defendant alleged in substance: that he made one payment of $30.70 approximately seven weeks after February 10, 1955; that he made subsequent payments of $30.74 the first part of April, 1955; $30.74, July 3,

1955; $31, July 28, 1955; $65, August 22, 1955; $45.80, September 29, 1955; $45 during October, 1955, and $45 during November, 1955; that on July 28, 1955, the defendant and the plaintiff orally agreed that he would thereafter make monthly payments of $65 without it being specified the exact date of the month such payments would be made, and that on August 22, 1955, a payment was made by the defendant and accepted by an agent of the plaintiff; that on September 29, 1955, the defendant and the plaintiff, through its duly authorized agent, orally agreed that payments of $45 per month would thereafter be acceptable without any date being specified as to when such payments should be made; that on January 26, 1956, the plaintiff demanded $90 or possession of the automobile pending payment thereof; that on January 27, 1956, the defendant turned possession of the automobile over to the plaintiff with a promise that payment of the $90 would be made the following Monday and that the plaintiff's agent orally agreed that he would hold the automobile until the following Monday and accept the $90 as a satisfactory payment on said date; that on the following Monday, which was January 30, 1956, the defendant tendered the $90 to the plaintiff but that the plaintiff's agent refused to accept the payment; that thereafter the defendant continued the tender of the $90 but the plaintiff refused to accept said payment; that at no time between February, 1955, and January, 1956, during which time the defendant became delinquent as alleged, did the plaintiff demand that the delinquency be made current or did it notify the defendant that it intended to rely on the strict terms of the written contract though payments were made by the defendant and accepted by the plaintiff in a "mutual temporary disregard of the written contract"; that at no time prior to January 20, 1956, did the plaintiff declare the said indebtedness due and payable; that thereafter the plaintiff brought foreclosure proceedings which it dismissed and that prior to bringing this action it sold the automobile at private sale; that in declining the payment of the $90 proffered by the defendant, the plaintiff unlawfully prevented the defendant from completing his contract, which action the defendant treats as a rescission of the contract by the plaintiff with the defendant's acquiescence; that in declining the payment of $90, the plaintiff

waived its right to foreclose or to sell the automobile at private sale and in subsequently doing so the plaintiff breached its agreements, which the defendant treats as a ground for rescission, and that by declining said payment of $90 without giving the defendant a reasonable notice and opportunity to fulfill his contract, the plaintiff unlawfully sold said automobile, by reason of which action the defendant rescinds the contract.

The plaintiff filed a general demurrer to the amended answer and a special demurrer to certain paragraphs thereof added by the final amendment on the ground that they merely reiterated allegations previously stricken on demurrer and because they were not responsive to the court's order of May 24, 1957. The trial court on June 5, 1957, sustained these demurrers and thereafter, on July 18, 1957, entered a final order and judgment for the plaintiff in the amount sued for, which final order recited that it was rendered after the introduction of evidence.