430 So.2d 1103 (1983)
Richard M. MILLER, Individually and as the Natural Tutor of Minor, Richelle Miller
v.
NEW ORLEANS PUBLIC SERVICE, INC., Thad P. Ellzey, Dan Van Tran.
No. CA-0399.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Rehearing Denied May 24, 1983.
*1104 Steven M. Koenig, Heisler & Wysocki, New Orleans, for plaintiff-appellant.
C.D. Ogden, II, New Orleans Public Service, Inc., New Orleans, Victor A. Dubuclet, III, Borrello & Huber, Metairie, for defendants-appellees.
Before GULOTTA, BARRY and LOBRANO, JJ.
BARRY, Judge.
Plaintiff's lawsuit as a result of a pedestrian-automobile accident was unanimously dismissed by a jury.
Thirteen year old Richelle Miller, a farepaying passenger on a New Orleans Public Service, Inc. bus, alighted from the bus at a regular stop on the corner of Alcee Fortier Boulevard and Peltier Drive. Richelle walked past the front of the bus in order to cross Fortier and was struck by an automobile driven by Dan Van Tran. Richard Miller, individually and on behalf of Richelle, his minor daughter, sued NOPSI, its bus driver, Thad Ellzey, Van Tran and his insurer, New Hampshire Insurance Company, and Liberty Mutual Insurance Company, plaintiff's insurer. Prior to trial New Hampshire settled for its $5,000 policy limit.
Plaintiff's suit against NOPSI is based upon the allegation that the bus driver waved Richelle to walk in front of the bus, thus indicating the way was clear to cross the street. The claim against Liberty Mutual is based upon the alleged negligence of Van Tran in failing to avoid the accident and the uninsured (under-insured) motorist provision of its policy covering plaintiff. Liberty Mutual filed a third party demand against NOPSI and Ellzey for indemnification and contribution.
Plaintiff has appealed asserting the jury's verdict was manifestly erroneous in finding no negligence on the part of the bus driver or Dan Van Tran and the Trial Judge committed reversible error by failing to give requested special jury charges.
Plaintiff argues even though Richelle was not on the bus when the accident occurred, the Trial Judge erred by failing to charge the jury that Richelle should be regarded as a passenger and NOPSI owed her a high standard of care. Plaintiff relies on Smith v. New Orleans Public Service, Inc., 391 So.2d 962 (La.App. 4th Cir.1980) where the plaintiff recovered damages for injuries received while waiting at a bus stop and was struck by a bus as it pulled into the stop.
NOPSI counters that once Richelle exited the bus safely, she lost her status as a passenger and was no longer owed the highest standard of care by the public carrier. She had become a pedestrian and the bus driver's relationship to her was the same as to any pedestrian. Wille v. New Orleans Public Service, Inc., 320 So.2d 288 (La.App. 4th Cir.1975).
Smith clearly extended the high degree of vigilence to passengers waiting in a boarding area. But the facts here are clearly distinguishable from Smith and not in conflict with Wille. To hold otherwise would extend the carrier's high standard of care to passengers who have safely alighted and no longer have any relationship with the carrier.
Plaintiff also claims the following instructions pertaining to negligence were in error:
... but you are instructed that a 13year-old girl is capable of committing contributory negligence and that a 13year-old girl who crosses the street in front of a bus, a waiting bus, was not entitled to rely upon the alleged signal of the bus driver that the way was clear for her to cross the street but, rather, she had *1105 a duty to look and to see what she could have seen with regard to traffic conditions before stepping out into the street or into traffic. The passenger that has gotten off of the bus and crosses in front of it out in the traffic is charged with seeing what she could have seen through the use of ordinary care. Whether she saw it or not is immaterial. She should use ordinary care for herself and she is charged with seeing what she should have seen and failure to see that which could have been seen is her own fault, no one's [sic]. In ascertaining the negligence on the part of a bus driver in waving or signaling a departing passenger that the way was clear for her to cross the street in front of the bus when, in fact, the bus driver was aware or should have been aware that the way was not clear for her to do so, that there was approaching traffic, the plaintiff has the burden of proving that the driver intended to convey to her, the departing passenger, that it was entirely safe to cross the street, that he had checked for traffic on the left side of his bus, that there was no such traffic approaching and that it was safe for the passenger to go ahead and make the crossing. That passenger or former passenger had the legal right to, and it must be shown that she did, in fact, rely on the bus driver's signal and that this combination of circumstances alone was the cause of her injury. Plaintiff asserts that this jury charge was based upon the Trial Judge's misinterpretation of Wille, but he does not explain his objection any further. This instruction follows sound legal principles, primarily those enunciated by this Court in Wille, and we find no merit to this assignment of error.
The jury found the bus driver was not negligent. Other than Richelle, only one witness, Edwin Mayo, who was eleven years old, testified he saw the bus driver move his hand. Edwin was on the neutral ground across the street from the bus. On cross examination, he equivocated stating he really didn't know if the driver was waving to Richelle or wiping his face. Three bus passengers testified they did not see the bus driver make a signal or gesture with his hand. The bus driver denied motioning to Richelle and testified when he realized what was about to happen it was too late to prevent the accident. Obviously, the jury concluded the bus driver did not breach any duty owed to this plaintiff and there is no basis to disturb that finding.
Plaintiff submits that Richelle's alleged contributory negligence as a pedestrian when struck by an automobile cannot bar her recovery under Baumgartner v. State Farm Mutual Automobile Ins. Co., 356 So.2d 400 (La.1978). He also contends since the neighborhood was residential and children were likely to be in the area, a motorist must exercise "a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety." Widcamp v. State Farm Mutual Automobile Ins. Co., 381 So.2d 937, 939 (La.App. 3d Cir.1980). He asserts Van Tran should have expected and been prepared for someone who might cross in front of the bus and thereby avoid an accident by the use of reasonable care.
As Liberty Mutual properly points out, plaintiff's assertions regarding Richelle's contributory negligence are irrelevant to a determination of the automobile driver's negligence. Our case law is clear that Baumgartner does not apply unless the driver of the automobile has been found negligent. Shank v. Government Employees Ins. Co., 390 So.2d 903 (La.App. 3d Cir. 1980) writs denied 396 So.2d 901, 902 (1981), Mathews v. Allstate Automobile Ins. Co., 370 So.2d 1331 (La.App. 2d Cir.) writ denied 373 So.2d 526 (1979). Our Supreme Court said in Baumgartner at p. 405:
Since the operator of a motor vehicle is aware that he could meet many emergencies in which pedestrians will not always act prudently and will sometimes be found in perilous situations, he should have the added burden of keeping the roads safe even for those who are negligently caught off their guard. Further, where injury results, the burden should *1106 fall on the motorist who, with the exercise of care reasonable under the circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it.
The court added at p. 406:
It must be noted, however, that a motorist who exercises all reasonable care to protect a pedestrian, who nonetheless suffers injury, is not at fault.
The evidence concerning Van Tran's negligence, if any, is sparse. Most of the witnesses did not see the accident. The bus driver testified Richelle's exit off the bus and dash across the street was one simultaneous motion. Richelle testified when she was even with the left side of the bus she kept walking and looked to the left, saw the car at the center of the bus, but didn't stop "because I was going a little too fast to stop walking."[1] There were no other witnesses to the accident. Van Tran was not called and apparently was not present at trial. Detective George Hesni, the investigating officer, testified the automobile driver said he was driving 20 m.p.h. and this was consistent with his finding that the longest skid mark was four feet. The officer said the accident occurred in the center of the roadway adjacent to the bus and Van Tran stated Richelle ran out in front of his car so quickly that he did not have time to stop. This concurred with the testimony of the bus driver.
All of the evidence, including Richelle's testimony, shows she suddenly walked past the front of the stopped bus and into the path of Van Tran's vehicle. The auto driver immediately applied his brakes but could not avoid the accident. There is no evidence Van Tran was speeding. Therefore, he did not breach any duty to Richelle since it is clear he discovered her presence as soon as possible and could not avoid hitting her. We find no error in the jury's conclusion that Van Tran was not negligent. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Plaintiff's last assignment is that the Trial Judge erred by not giving Baumgartner charges regarding the doctrines of last clear chance and contributory negligence. Plaintiff relies on this Court's decision in Oliver v. Capitano, 405 So.2d 1102 (La.App. 4th Cir.) writs denied 407 So.2d 731, 734 (1981) where we reversed a jury verdict because the Trial Judge failed to give Baumgartner charges. Plaintiff argues without these instructions his daughter was not afforded a meaningful jury trial.
In Oliver the jury determined the defendant's negligence caused Mrs. Oliver's injuries. Finding also that Mrs. Oliver was contributorily negligent, the jury denied her recovery. We stated at p. 1104:
The jury's finding of contributory negligence on plaintiff's part can only be attributed to the trial judge's instructions on law. Following a similar instruction as to the motorist the court instructed:
A pedestrian, or someone not in a vehicle, is also required to exercise ordinary, reasonable care, and he should not expose himself to danger or to harm, intentionally or otherwise.
Then, in addressing the defense of contributory negligence, the judge described defendant's burden as:
to establish, by a preponderance of the evidence, that Mrs. Oliver failed to use ordinary and reasonable care for her own safety, and that this failure caused her injuries .... If you conclude... that Mrs. Oliver's contributory negligence was a proximate cause of her injuries, then you should render a verdict [for defendants].
We deem it clearly wrong to require of an insane person "reasonable care for her own safety" unless counterbalanced by instruction on duty-risk as found in Baumgartner v. State Farm Ins. Co., La. 1978, 356 So.2d 400, or at least on last clear chance as found in Baumgartner....
Baumgartner and its progeny hold that contributory negligence will not bar a pedestrian's recovery from a negligent motorist. *1107 Had the jury found either NOPSI or Van Tran negligent, the failure to give Baumgartner charges would have been reversible error. However, as stated above, Baumgartner is inapplicable because the jury found the motorist to be free of negligence.
The judgment of the district court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] In her deposition Richelle testified she looked to the left but didn't see the car.