SCHOTT, Judge.
On June 3, 1985, appellant’s minor son, Peter Gadel was struck by a New Orleans Police Department patrol car as he was riding his bicycle across St. Claude Avenue in New Orleans. Mr. Gadel filed suit on behalf of his son against the city, its insurer, the officer driving the patrol car, Hazel Acosta and her automobile insurer. Acosta and her insurer filed an exception of no cause of action. From a judgment sustaining this exception and dismissing the suit as against Acosta and her insurer, plaintiff has appealed.
The claim against Mrs. Acosta was based on the following allegations:
IV.
Peter Gadel was on the median of St. Claude Avenue carefully waiting for traffic in the westbound lanes of St. Claude Avenue to clear so that he could cross those lanes of traffic. Hazel Acosta, while driving in the left-most westbound lane of St. Claude Avenue, brought her vehicle to a complete stop and signaled Peter Gadel and the two other boys he was with to cross the street as if it were safe.
V.
Relying on the signaling and assurances of Hazel Acosta, Peter Gadel began to cross St. Claude Avenue on his bicycle. Immediately after he crossed in front of Hazel Acosta’s stopped vehicle, the New Orleans Police Department vehicle driven by Dick Beebe struck Gadel at a high rate of speed.
In order to test the merits of an exception of no cause of action the factual allegations of the petition are accepted as true, along with inferences and implications which logically follow from the pleaded facts. According to these allegations, young Gadel was not struck by Acosta’s vehicle but by another vehicle after he safely passed Acosta. All Acosta could do for plaintiff was to signal him that it was safe to cross in front of her vehicle, but this did not make her the insurer of his safety after he passed her vehicle or relieve Gadel of his duty to determine if it was safe to continue across the street after he negotiated the only part of the street in which Acosta was involved. He could not logically take her signal to pass her vehicle to mean she was telling him to step blindly into the next lane and into the path of a speeding vehicle. As the driver of a vehicle who has stopped and allowed a pedestrian or bicyclist to pass in front of her she *459 did not assume responsibility for the safety of that person as he continued past her car crossing the rest of the street. Miller v. New Orleans Public Service, 430 So.2d 1103 (La.App. 4th Cir. 1983); Shank v. Government Emp. Ins. Co., 390 So.2d 903 (La.App. 3rd Cir.1980), writs refused, 396 So.2d 901; Wille v. New Orleans Public Service, Inc., 320 So.2d 288 (La.App. 4th Cir.1975).
Accordingly the judgment appealed from is affirmed.
AFFIRMED.
BYRNES, J., dissents.