**Melanie GIRON, an individual, and Lacey Giron, a minor child, By and Through her guardian ad litem, Melanie Giron, her mother, Plaintiffs and Appellants,**

v.

**Jay WELCH and Marcella E. Welch, his wife, Panter Noorbakhsh, an individual, Rouhi Mahojerghomi, an individual, and John Does 1 through 5, Defendants and Appellees.**

No. 900560.

Supreme Court of Utah.

Oct. 28, 1992.

Graham Dodd, Von G. Keetch, Salt Lake City, for the Girons.

Mark Dalton Dunn, Salt Lake City, for the Welches.

HOWE, Associate Chief Justice:

Plaintiff Melanie Giron brought this action to recover damages sustained by her and her minor child arising out of an automobile accident. The trial court granted summary judgment in favor of defendants Jay E. Welch and his wife Marcella E. Welch, from which plaintiff brings this appeal.

Mrs. Welch was traveling north in the outside lane of Highland Drive, a four-lane street in Salt Lake County, in an automo-

bile owned by her husband. The traffic ahead of her stalled, requiring her to stop at the 3350 South intersection. Meanwhile, defendant Panter Noorbakhsh was waiting on 3350 South on Welch's right for an opportunity to enter the intersection. She was signaling to turn left and travel south. As traffic ahead of her began to clear, Mrs. Welch remained stationary, smiled at Noorbakhsh, and signaled to her by waving her hand. Noorbakhsh thereupon entered the intersection and stopped in front of the Welch vehicle. She testified in her deposition that she "looked, and ... couldn't see any cars coming" and then proceeded, colliding with plaintiff's vehicle, which was traveling north in the inside lane. The trial court, relying upon *Devine v. Cook*, 3 Utah 2d 134, 279 P.2d 1073 (1955), granted summary judgment in favor of the Welches on the ground that as a matter of law, Mrs. Welch was not negligent in signaling Noorbakhsh to enter the intersection.

Both parties agree that *Devine* controls the outcome of this case. In that case, we concluded that the trial court erred in denying a motion for a directed verdict in favor of a signaling driver under circumstances substantially similar to the instant case. We held that as a matter of law the signaling of another driver to proceed was not an act of negligence. We there wrote:

All the signal amounted to, if given, was a manifestation on the part of Metcalf to Mrs. Cook that as far as he was concerned Mrs. Cook could proceed. At the most all he did was to signal to Mrs. Cook and indicate, as far as Metcalf was concerned, he yielded her the right-of-way.

*Devine*, 3 Utah 2d at 147, 279 P.2d at 1082. We stated that under the factual circumstances presented, the signalee could not reasonably conclude that the signalor intended anything more than that he was yielding the right-of-way, because it was apparent that the signalor was not in a position to do anything more than that.

Giron does not contend that *Devine* should be overruled, but instead seeks to distinguish her case and bring it within an exception noted in our opinion that a signalee might be justified in detrimentally relying upon a signal:

[W]e do not mean to say, nor to be understood as saying, that the decision reached in this case would be or should be applied to all cases involving signals or motions given by drivers of vehicles to others. It is possible that under certain conditions upon certain highways, such as hills or in the nighttime, a driver of a motor vehicle in signalling a car following such a vehicle to proceed, might, by such a signal or conduct on the part of the driver, be responsible for an accident in which the person relying upon such signal to proceed became involved.

*Devine*, 3 Utah 2d at 149, 279 P.2d at 1083.

Plaintiff asserts that because of the traffic backup in the outside northbound lane, it is reasonable to conclude that Noorbakhsh could not see oncoming traffic in the inside northbound lane. She argues that "Welch therefore may have been in a position superior to Noorbakhsh's in which she could evaluate oncoming traffic and the dangers it presented. Noorbakhsh reasonably could have relied upon this superior position and believed that Welch was giving her an 'all-clear' signal," especially when Welch knew that Noorbakhsh desired to cross both lanes of northbound traffic. Moreover, Mrs. Welch was arguably in a better position to see Giron approaching than was the signalor in *Devine* because Giron was approaching Welch on her left rather than on her right, as was the case in *Devine*.

We conclude that while there are cosmetic differences in the two cases, the circumstances are essentially the same. Nothing in the instant case distinguishes it from the fact situation in *Devine*. There are no added circumstances which would allow Noorbakhsh to reasonably assume from Welch's signal that she meant anything more than that she was yielding the right-of-way to her. Noorbakhsh could not reasonably assume that Mrs. Welch was in a better position to observe and evaluate the speed of vehicles approaching her in the other northbound lane. The fact that plaintiff approached Welch from the rear on her

left rather than on her right, as was the case in *Devine*, makes no difference. In both cases, the signalor driver would have to look to his or her rear and observe and evaluate approaching traffic before signaling. It would be unreasonable for the signalee to conclude that the signalor had done that and was giving an "all clear" signal. This case does not fit within the narrow class of cases we recognized in *Devine* where the signalee driver would be justified in relying on the signalor to be his eyes and ears, such as on "hills or in the nighttime." *Devine*, 3 Utah 2d at 149, 279 P.2d at 1083.

Noorbakhsh's own deposition testimony makes abundantly clear that she did not, in fact, rely upon Mrs. Welch's signal as an assurance that she could safely cross both northbound lanes of traffic. Noorbakhsh testified that she stopped in front of the Welch vehicle and looked for traffic approaching in the inside lane. Seeing none, she proceeded and was struck by the Giron vehicle.

The summary judgment is affirmed.

HALL, C.J., STEWART and ZIMMERMAN, JJ., and GREENWOOD, Court of Appeals Judge, concur.

DURHAM, J., having disqualified herself, does not participate herein; GREENWOOD, Court of Appeals Judge, sat.