IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2000 Session

## MILLISA MARTINEZ INDIVIDUALLY AND EX REL. AARON CHAVEZ, ET AL. v. CHARLES MARTINEZ, ET AL.

**Appeal from the Circuit Court for Blount County**
**Nos. L-11688 and L-11689      W. Dale Young, Judge**

**FILED MARCH 15, 2001**

**No. E2000-01990-COA-R3-CV**

This case presents a question of first impression. We are asked to decide whether, and, if so, under what circumstances, a driver who motions to another driver intending to turn left in front of the signaling driver can be assigned fault in the event of a resulting accident. In the instant case, the trial court granted the signaling driver summary judgment, finding on the facts before it that there could be no liability. We find that summary judgment is not appropriate and accordingly vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

A. James Andrews, Knoxville, Tennessee, for the appellant, Millisa Martinez, individually and as next friend of Aaron Chavez and Christopher Chavez.

James Y. Reed, Knoxville, Tennessee, for the appellant, Charles Lee Young.

Billy J. Stokes and Jon M. Cope, Knoxville, Tennessee, for the appellee, Sandra Cochenour.

No brief filed on behalf of the appellant, Charles Martinez.

**OPINION**

I.

Certain core facts are not in dispute. On October 11, 1997, Aaron Chavez and Christopher Chavez, both of whom were minors, were riding as passengers in a vehicle driven by their stepfather,

Charles Martinez ("Mr. Martinez").[1] Mr. Martinez was traveling south on Louisville Road, a four-lane highway divided by a median in Blount County. He brought his vehicle to a complete stop in a paved portion of the median and waited to turn across the two lanes of northbound traffic into a business establishment. At the same time, the defendant Sandra Cochenour was proceeding north on Louisville Road in the inside left through lane, near the entrance to the business establishment into which Mr. Martinez was attempting to turn. Traffic proceeding northbound had stopped, thereby preventing Mr. Martinez from turning left. When northbound traffic started to move again, Cochenour, who had a green light, did not proceed, but instead motioned to Mr. Martinez. Interpreting Cochenour's hand movement as a signal to make his turn, he proceeded to move across traffic, whereupon his vehicle was struck by a vehicle driven by the defendant Charles Lee Young, who was traveling in the lane to the right of Cochenour.

Millisa Martinez, the mother of the two minors, brought an action on behalf of her children and herself against her husband, as well as against Cochenour, Young and others. The trial court consolidated her action with an action brought by Mr. Martinez against Cochenour, Young and others. The trial court later granted Cochenour's motion for summary judgment in both actions and certified its judgment as a final judgment pursuant to Tenn. R. Civ. P. 54.02. This appeal followed.

II.

A.

The appellants argue that summary judgment is not appropriate (1) because genuine issues of material fact exist as to whether Cochenour was negligent in signaling Mr. Martinez to turn in front of her; and (2) because Cochenour breached a statutory duty to proceed forward when she had a green light. The first issue requires us to examine a question that has not been squarely addressed in Tennessee: the liability of a driver who signals another driver to turn left in front of the signaling driver. Finding no Tennessee cases directly on point,[2] we turn our attention to other jurisdictions in search of an appropriate rule.

---

[1]We are referring to "Mr." Martinez in a formal manner to differentiate him from his wife.

[2]Cochenour cites *Phillips v. Lieb*, C/A No. 03A01-9806-CV-00186, 1998 WL 880912 (Tenn. Ct. App. E.S., filed December 17, 1998), in support of her argument that she cannot be held liable. In that case, we stated that "[t]he motioning of another driver is not an adequate substitute for one's own assurance that there is no approaching traffic that will interfere with the latter's safe entry onto the highway." *Id*. at *3. That case, however, did not concern the liability of the signaling driver, and, therefore, is not directly on point. The appellants cite *Arnold v. Ford*, C/A No. 01A01-9505-CV-00203, 1995 WL 611280 (Tenn. Ct. App. M.S., filed October 19, 1995), for the proposition that one may be held liable for negligently signaling a driver to proceed. The signaling individual in that case, however, was a police officer. Citizens are required to follow the lawful commands of such individuals. *See* T.C.A. §§ 55-8-104, -109(a) (1998). Neither of these cases controls the resolution of the instant case. The parties have cited no other Tennessee cases on the subject, and our research has revealed none.

There is a plethora of cases from around the country addressing the liability of a signaling driver in various and sundry factual situations.[3] *See, e.g., Frey v. Woodard*, 748 F.2d 173 (3d Cir. 1984); *Boucher v. Grant*, 74 F. Supp. 2d 444 (D.N.J. 1999); *Haralson v. Jones Truck Line*, 270 S.W.2d 892 (Ark. 1954); *Kerfoot v. Waychoff*, 501 So. 2d 588 (Fla. 1987); *Rodi v. Florida Greyhound Lines, Inc.*, 62 So. 2d 355 (Fla. 1952) (en banc); *Cunningham v. National Service Indus., Inc.*, 331 S.E.2d 899 (Ga. Ct. App. 1985); *Shirley Cloak and Dress Co. v. Arnold*, 90 S.E.2d 622 (Ga. Ct. App. 1955); *Diaz v. Krob*, 636 N.E.2d 1231 (Ill. App. Ct. 1994); *Dace v. Gilbert*, 421 N.E.2d 377 (Ill. App. Ct. 1981); *Dawson v. Griffin*, 816 P. 2d 374 (Kan. 1991); *Lennard v. State Farm Mut. Automobile Ins. Co.*, 649 So. 2d 1114 (La. Ct. App. 1995); *Martin v. New Orleans Pub. Serv. Inc.*, 553 So. 2d 994 (La. Ct. App. 1989); *Perret v. Webster*, 498 So. 2d 283 (La. Ct. App. 1986); *Massingale v. Sibley*, 449 So. 2d 98 (La. Ct. App. 1984); *Miller v. New Orleans Pub. Serv., Inc.*, 430 So. 2d 1103 (La. Ct. App. 1983); *Shank v. Government Employees Ins. Co.*, 390 So. 2d 903 (La. Ct. App. 1980); *Government Employees Ins. Co. v. Thompson*, 351 So. 2d 809 (La. Ct. App. 1977); *Wille v. New Orleans Pub. Serv., Inc.*, 320 So. 2d 288 (La. Ct. App. 1975); *Howard v. Insurance Co. of North America*, 162 So. 2d 165 (La. Ct. App. 1964); *Dix v. Spampinato*, 358 A.2d 237 (Md. Ct. App. 1976); *Kemp v. Armstrong*, 392 A.2d 1161 (Md. Ct. Spec. App. 1978); *Sweet v. Ringwelski*, 106 N.W.2d 742 (Mich. 1961); *Peka v. Boose*, 431 N.W.2d 399 (Mich. Ct. App. 1988); *Gamet v. Jenks*, 197 N.W.2d 160 (Mich. Ct. App. 1972); *Thelen v. Spilman*, 86 N.W.2d 700 (Minn. 1957); *Johnson v. Bi-State Dev. Agency*, 793 S.W.2d 864 (Mo. 1990) (en banc); *Miller v. Watkins*, 355 S.W.2d 1 (Mo. 1962); *Thorne v. Miller*, 722 A.2d 626 (N.J. Super. Ct. Law Div. 1998); *Barber v. Merchant*, 580 N.Y.S.2d 573 (N.Y. App. Div. 1992); *Valdez v. Bernard*, 506 N.Y.S.2d 363 (N.Y. App. Div. 1986); *Riley v. Board of Educ.*, 223 N.Y.S.2d 389 (N.Y. App. Div. 1962); *Duval v. Mears*, 602 N.E.2d 265 (Ohio Ct. App. 1991); *Bell v. Giamarco*, 553 N.E.2d 694 (Ohio Ct. App. 1988); *Askew v. Zeller*, 521 A.2d 459 (Pa. Super. Ct. 1987); *Keating v. Belcher*, 119 A.2d 535 (Pa. 1956); *Giron v. Welch*, 842 P.2d 863 (Utah 1992); *Devine v. Cook*, 279 P.2d 1073 (Utah 1955); *Ring v. Poelman*, 397 S.E.2d 824 (Va. 1990); *Cofield v. Nuckles*, 387 S.E.2d 493 (Va. 1990); *Nolde Bros., Inc. v. Wray*, 266 S.E.2d 882 (Va. 1980); *Alston v. Blythe*, 943 P.2d 692 (Wash. Ct. App. 1997); *Armstead v. Holbert*, 122 S.E.2d 43 (W. Va. 1961); *Wulf v. Rebbun*, 131 N.W.2d 303 (Wis. 1964).

The cited cases reach uneven results. Some arguably stand for the proposition that a signaling driver cannot, as a matter of law, be held liable for merely giving a signal. *See, e.g., Miller*, 430 So. 2d at 1104-05 (finding no error in a charge instructing the jury that a signaled *pedestrian* "was not entitled to rely upon the alleged signal of the bus driver that the way was clear for [the pedestrian] to cross the street"); *Duval*, 602 N.E.2d at 274 (affirming summary judgment in favor of a signaling driver upon finding that, as a matter of law, a signaling motorist owes no duty to a signaled motorist to ascertain safe passage across an intersection).

In order to understand and properly evaluate the meaning of these many decisions from other jurisdictions, it is necessary to consider them in light of their facts and in the context of how they

---

[3]We note, in passing, that only some of these cases present a factual scenario similar to the one in the instant case.

-3-

were disposed of at the trial level, *i.e.*, summary judgment, directed verdict, jury verdict, bench trial, etc. Many of the cases address the issue of whether summary judgment is appropriate by endeavoring to decide whether the signal, under the circumstances, is properly characterized as (1) a mere yielding of the right of way, a sort of "you go first and I will not hit you" characterization; or (2) an indication that the way is "all clear," a sort of "it is safe to proceed to your destination" characterization. Speaking in general terms, the cases indicate that a driver giving a "you go first" signal is much less likely, if at all, to be held liable for negligence than is a driver giving an "all clear" signal.

Many of the cases have decided the issue in favor of the signaling driver as a matter of law based upon a finding that, under the circumstances, it was unreasonable for the signaled driver to interpret the signal as an indication that the way was all clear. *See, e.g., **Kerfoot***, 501 So. 2d at 590 (on certified question, approving the decision of a federal trial court to grant a directed verdict to a signaling driver upon finding that, under the circumstances, it was unreasonable to interpret the signal as an indication that it was safe to proceed); ***Dawson***, 816 P. 2d at 379 (affirming the trial court's grant of summary judgment to a signaling driver upon finding that, under the circumstances, the only reasonable interpretation of the signal was that the signaling driver was yielding the right of way); ***Shank***, 390 So. 2d at 904, 905 (reversing the trial court's judgment against a signaling driver and holding, as a matter of law, that the signaling driver was not negligent based upon finding that the only reasonable interpretation of the signal was that the signaling driver wished the signaled pedestrian to "move on"); ***Dix***, 358 A.2d at 239 (affirming a directed verdict in favor of a signaling driver upon finding that, under the circumstances, the only reasonable interpretation of the signal was that the signaling driver was yielding the right of way); ***Peka***, 431 N.W.2d at 400, 401 (affirming the trial court's summary dismissal of a claim against a signaling driver upon finding as a matter of law that, under the circumstances, the signal was merely a yielding of the right of way); ***Giron***, 842 P.2d at 864, 865 (affirming a summary judgment in favor of a signaling driver upon finding that, under the circumstances, the interpretation of the signal as an "all clear" signal was unreasonable); ***Devine***, 279 P. 2d at 1082 (finding that, under the circumstances, the only reasonable interpretation of the signal was that the signaling driver was yielding the right of way, and accordingly holding that the trial court erred in not directing a verdict for the signaling driver); ***Cofield***, 387 S.E.2d at 496-97 (holding that the trial court erred in refusing to grant a signaling driver's motion for summary judgment upon finding that there was no evidence that the signaling driver negligently ignored an approaching danger in signaling to the signaled driver); ***Nolde Bros.,*** 266 S.E.2d at 883, 884 (setting aside a jury verdict against a signaling driver's employer upon finding that it was unreasonable to interpret the signal to mean that it was safe to proceed across additional lanes of traffic).

On the other hand, many cases have found that a judgment of non-liability *as a matter of law* is inappropriate because, under the circumstances of the particular case, the question was one for the trier of fact. *See, e.g., **Frey***, 748 F.2d at 176 (reversing the trial court's grant of summary judgment to a signaling driver upon finding a genuine issue of material fact as to the interpretation of the signal); ***Boucher***, 74 F. Supp. 2d at 453 (denying a signaling driver's motion for summary judgment upon finding genuine issues of material fact as to the proper interpretation of the signal and the signaled driver's reliance upon the signal); ***Cunningham***, 331 S.E.2d at 904 (reversing the trial

court's grant of summary judgment to a signaling driver upon finding, *inter alia*, that a question of fact existed as to the interpretation of the signal); *Massingale*, 449 So. 2d at 101, 102 (reversing a grant of summary judgment to a signaling driver's employer upon finding a genuine issue of material fact as to the interpretation of the signal); *Sweet*, 106 N.W.2d at 745 (reversing the trial court's grant of a directed verdict in favor of a signaling driver upon finding that, under the circumstances, the interpretation of the signal was a question of fact for the jury); *Thelen*, 86 N.W.2d at 704, 706 (affirming a judgment on a jury verdict against a signaling driver and rejecting the signaling driver's argument that a signaling driver cannot be negligent as a matter of law); *Miller*, 355 S.W.2d at 2, 3, 4, 5 (reversing a jury verdict in favor of a signaling driver upon finding that the jury charge was erroneous, but declining, under the circumstances, to decide the case in favor of the signaling driver as a matter of law); *Thorne*, 722 A.2d at 630 (denying a signaling driver's motion for summary judgment upon finding that, although a signaling driver owes a duty of reasonable care as a matter of law, (1) the interpretation of the signal, (2) whether the signaled driver was justified in relying upon the signal, and (3) apportionment of fault, were all jury questions); *Bell*, 553 N.E.2d at 696, 697-98, 701 (finding as a matter of law that a signaling driver may be held liable for a signal relied upon by a pedestrian of young age, but reversing a directed verdict in favor of the signaling driver upon finding jury questions as to the signaling driver's breach of duty and as to the signaled child's reliance upon the signal); *Askew*, 521 A.2d at 462 (examining relevant case law and concluding that, although a court may decide the issue as a matter of law under certain circumstances, "the better view is that the evaluation of the signaler's act is usually a question for the trier of fact."); *Ring*, 397 S.E.2d at 826 (finding that, under the circumstances, the interpretation of the signal was a question for the jury); *Alston*, 943 P.2d at 694, 697-98 (reversing a jury verdict in favor of a signaling driver and finding that the plaintiff was entitled to a jury instruction on the theory of the liability of a signaling driver because a jury could find that the signaling driver waved the pedestrian across the street, thereby assuming a duty to act with reasonable care); *Armstead*, 122 S.E.2d at 47 (W. Va. 1961) (finding that liability of a signaling driver was a question for the jury).

The cases consider a variety of factors in determining whether the interpretation of the signal was properly resolved by summary disposition. Factors bearing on this determination include (1) the conduct of the parties, *see Kerfoot*, 501 So. 2d at 589; (2) the timing between the giving of the signal and the movement of the signaled individual, *see, e.g., Cofield*, 387 S.E.2d at 498; (3) the presence or absence of extraordinary circumstances such as unusual obstacles or obstructions, *see Peka*, 431 N.W.2d at 401; (4) whether the signaled individual is a child of tender age, *see Sweet*, 106 N.W.2d at 745; *Bell*, 553 N.E.2d at 697; and (5) the type of signal given, *see Askew*, 521 A.2d at 462.

By far, the primary factors relied upon by courts in determining the liability of a signaling driver is the positioning of the vehicles and the drivers' respective abilities to discern whether the way is all clear. *See Boucher*, 74 F. Supp. 2d. at 454; *Kerfoot*, 501 So. 2d at 589; *Dawson*, 816 P.2d at 376; *Giron*, 842 P.2d at 864; *Devine*, 279 P.2d at 1082; *Ring*, 397 S.E.2d at 826; *Nolde*, 266 S.E.2d at 884; *Armstead*, 122 S.E.2d at 51.

B.

Our reading of the various cases persuades us that the following principle expresses the majority view in this country and should be the law in this jurisdiction in a case where it is alleged that a motorist has signaled a driver to turn left in front of the signaling driver: a driver who signals to another driver that the way is clear for the other driver to turn left across all lanes of traffic proceeding in the opposite direction is guilty of negligence if he or she fails to exercise due care in ascertaining that the way is clear for the other driver's intended move. This principle finds its genesis in the general principle stated by no less an authority than Justice Cardozo: "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he [or she] acts at all." *Glanzer v. Shepard*, 233 N.Y. 236, 239, 135 N.E. 275, 276 (1922).

In applying the principle we announce today, the trier of fact will be required to make a threshold determination, *i.e.*, whether the signal given by the defendant reasonably could have been interpreted by the turning driver as a signal that the way was clear to proceed across all lanes of oncoming traffic. In making this determination, the trier of fact should consider all of the surrounding circumstances including the positioning of the vehicles; what each of the drivers could see by way of the naked eye or with the assistance of car mirrors; the type of motion or signal given by the defendant; the verbal or non-verbal conduct of the signaling driver in motioning to the other driver; and all other circumstances bearing upon whether or not the defendant signaled to the other driver that the way was clear for the latter to turn left and go across traffic proceeding in the opposite direction. We agree with the Supreme Court of Virginia that "a driver's negligence in giving such a signal is not presented where the signal could not reasonably have been interpreted as a signal to proceed across lanes of oncoming traffic." *Nolde*, 266 S.E.2d at 884. On the other hand, if the trier of fact concludes that the signaled driver could have reasonably interpreted the signal as one indicating that the way was clear for the turning driver to proceed across lanes of oncoming traffic, the trier of fact must then proceed to determine whether the signaling driver acted with due care in giving the signal, whether the signal was relied upon by the turning driver, and whether that reliance resulted in damage

We hasten to add that the foregoing analysis is a part of the comparative fault inquiry. *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). Nothing in this opinion should be construed as a holding that the signaled driver, by virtue of the action of the signaling driver, is thereby relieved of the obligation to exercise due care for his or her own safety. *See Phillips v. Lieb*, which is cited in footnote 2 to this opinion. The principle and illuminating tests announced today are designed to enable the trier of fact to determine whether the *signaling driver* is guilty of actionable negligence and, consequently, properly due some percentage of fault in an automobile accident case.

C.

With this newly-announced principle in mind, we now turn to the question of whether summary judgment under the facts of the instant case is appropriate. In deciding whether a grant of

summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Courts "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993).

This is hardly a case of undisputed material facts.[4] On the contrary, the "playing field" of this summary judgment motion is littered with disputes, ones that go to the core of the appellants' now-approved theory of liability as to the signaling driver. What is not in dispute is that Cochenour stopped in traffic and motioned Mr. Martinez to proceed. She testified that she "did not intend to wave [Mr. Martinez] all the way across." However, Mr. Martinez testified that Cochenour waved more than once – he was not sure of the exact number – before Mr. Martinez started his turn to the left. His testimony, with the benefit of reasonable inferences, is to the effect that he interpreted Cochenour's signal as meaning that it was safe for him to proceed across both lanes of northbound traffic. On the record now before us, we cannot say that Mr. Martinez's interpretation was unreasonable.

There is also a dispute in the record as to whether Cochenour checked the lane to her right before motioning to Mr. Martinez. She denied looking for traffic in the outside northbound lane – the lane in which the defendant Young was traveling – before motioning to Mr. Martinez. However, the plaintiff Millisa Martinez testified that Cochenour told her that she looked in her rear view mirror before motioning to Mr. Martinez. Based on all of this testimony, a jury could reasonably conclude, among other things, either one of the following: that Cochenour did not check the outside northbound traffic lane before giving Mr. Martinez an "all clear" signal; or, that she checked the lane to her right but failed to see what was there to be seen, *i.e.*, the defendant Young. In either event, the jury could reasonably conclude that she failed to act with due care in giving Mr. Martinez the signal that he reasonably interpreted as an "all clear."

The third prong of the test of a signaling driver's liability is that of reliance. Did the signaled driver – here Mr. Martinez – rely on the signal? When asked if he observed Cochenour look in her rear view mirror, he stated that "I just can't remember." We also note he stated in his deposition that, in making his move, he not only relied – "to some extent" – on Cochenour's signal, but also on his own judgment,. The question of reliance is admittedly a close one; but summary judgment is not designed to resolve close questions. It is reserved for those cases where there is no open question as to any material fact. Since the issue of proximate cause is "[o]rdinarily...for the jury," *see Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 183 (Tenn. 1992), and since the issue of reliance is at the core of the issue of proximate cause in this case, we conclude that this admittedly-close question of fact is for the trier of fact.

---

[4]In fairness to the trial judge, he apparently concluded that the facts and inferences favoring the appellants did not make out a case of negligence against Cochenour. This was an understandable conclusion, given the dearth of authority in Tennessee.

A word of caution: our comments should not be read as pre-judging Cochenour's fault in this matter. We simply hold that, on the record before us, judgment in her favor at this preliminary juncture is not justified.

For all of the above reasons, we find that there are genuine issues of material fact as to whether fault can be assigned to Cochenour with respect to the signal given to Mr. Martinez. Therefore, this is a question for the trier of fact.

The appellants do not address, in any significant way, their issue regarding the failure of Cochenour to proceed forward when she had the green light, except as a part of their main argument regarding the signal given to Mr. Martinez. We do not find that the record has been developed to a point where we can reach the appellants' second issue. Therefore, we leave the resolution of this issue to the trial court. However, without deciding that issue, we express some doubt as to whether the failure on the part of Cochenour to move forward on the green light, as a theory of liability separate and apart from the signal issue, is a significant factor in the fault evaluation.

III.

The judgment of the trial court granting summary judgment to Cochenour is vacated. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellee, Sandra Cochenour.

_____
CHARLES D. SUSANO, JR., JUDGE